## No. 356

### WATERHOUSE & LESTER CO. v. STAR RUBBER CO.

Ohio Appeals, 9th Dist., Summit County
No. 754. Decided Jan. 14, 1924

**923. PLEADINGS**—Although pleading sets up conversion, it will be liberally construed as an action in contract if that is its general purport—Where petition does not set up knowledge of certain facts by opposite party, the latter cannot be held liable therefor—Pleadings—Where a petition admits that market price of goods is less than contract price, held no damage sustained by breach.

**1063. SALES**—Measure of damages in contract for sale of goods held to be the difference between contract and market price.

**480. EVIDENCE**—Failure of proof to sustain cross-petition held to exist under facts of case.

**297. CONTRACTS**—Repudiation held to exist under facts of case, under letters in evidence.

PARDEE, J.

#### Epitomized Opinion

The Waterhouse & Lester Co. filed an action on an account against the Star Rubber Co., claiming that there was due it the sum of $3,441.42. The plaintiff was a jobber in automobile tires and accessories in San Francisco, Cal., and doing an extensive business on the Pacific Coast. The defendant was a manufacturer of tires and tubes with its principal place of business in Akron, Ohio. The defendant filed a cross-petition claiming that the plaintiff in violation of its agreement wrongfully sold the stock located in its Portland warehouse after it had agreed to hold and sell the same to the defendant. The defendant claimed that the acts of the plaintiff amounted to a conversion.

There was no allegation in the cross-petition that the plaintiff knew that the defendant had sold any of the San Francisco or Los Angeles stock to any dealer or that it was in any way to be held responsible to those dealers so sold. The plaintiff filed a demurrer to the cross-petition, which was overruled.

The evidence was in conflict as to whether the defendant was to take over all of plaintiff's stock on or before June 1, 1920. The greater weight of evidence seemed to support the contention of plaintiff that the stock was to be disposed of on or before this date. After an unsuccessful attempt to dispose of the stock by the defendant the letters of one of the officers of the defendant company indicated that the defendant did not intend to carry out its agreement with plaintiff before it sold said stock, and this fact was communicated to plaintiff before it sold said stock. The evidence also disclosed that the market price of tires was lower than the price which the defendant agreed to pay to the plaintiff during the period of the contract. As the defendant recovered judgment for a substantial sum, the plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. While it is true that the pleading contained an allegation as to conversion, yet by giving it a liberal construction, the cause of action set forth therein is founded upon a breach of contract, and therefore was a proper ground of counterclaim or set-off.

2. As there is no allegation or claim that the plaintiff knew that the defendant had sold any of the stock to any dealer or that it was in any way to be held responsible to those dealers for the stock so sold, and if the defendant entered into an agreement with said dealers to protect the price, or make a rebate in price under any conditions, or to re-purchase the stock, or take the stock off the hands of said dealer, the plaintiff could not be responsible for such losses.

3. The only damage which the defendant would be entitled to recover would be the difference in price which it would have been required to pay for the same kind of tires upon the market if those tires could not have been purchased for a price at or below the price fixed by the contract.

4. As the cross petition admitted that the market price of tires was lower than the contract price, the cross-petition did not state a ground of defense on its face and therefore it was insufficient in law.

5. Assuming that the cross-petition set forth a valid cause of action, still the defendant failed to offer any evidence of any kind to sustain the same, because it failed to introduce any evidence which proved or tended to prove that there was any contract between the parties by which the price of defendant's products was to be kept up in the open market.

6. The letters of one of the officers of the defendant company show, as a matter of law, that the defendant did not intend to take and pay for the Portland stock in accordance with the contract, and within the time claimed either by the plaintiff or the defendant, and that the fair construction to be placed upon them was a repudiation of the unexecuted part of the contract, and the plaintiff had a right to treat these letters as such a repudiation.

Attorneys—Burch, Bacon & Denlinger, for Waterhouse & Lester Co.; Slabaugh, Young, Seiberling & Ginther, for the Star Rubber Co.; all of Akron.